May it please the Court, my name is Dwight Davis, I'm counsel for Home Depot, and with the Court's permission, I'll reserve two minutes for rebuttal and talk for eight minutes. Your Honor, in preparation for this hearing, the Court has told us that there are two questions you would like us to address. The first is, does this Court have jurisdiction to hear an appeal of the trial court's sua sponte order of remand? And then second, did the district court have the authority to issue the remand order pursuant to 228 U.S.C. section 1447? The answer to the first question is, yes, this Court has jurisdiction. In fact, there are two lines of authority that give this Court jurisdiction to hear this appeal of this remand order. And the answer to the second question is, no, the trial court did not have the authority to issue the remand order that's at question here. First I would like to address the Court's jurisdiction under the recently enacted Class Action Fairness Act. 28 U.S.C. section 1453 provides that the appellate court has jurisdiction over orders, and I quote, orders of the district court granting or denying a motion to remand a class action. The statute does not limit this to remand of motions by a party. And that, of course, is an important note here. As we cited in our briefs, this is a sua sponte order. Sua sponte is, by definition, by its own motion. Therefore, this is a remand, albeit of the motion of the trial court. Therefore, under section 1453, the Court does have jurisdiction. We go on in our brief to cite the legislative history. The principal draftsman of the article said that this is for remand orders. The heading is remand orders. But this analysis really could stop at the first level of reading the statute. It says it's remand orders of a motion, and here this is a sua sponte motion. If there were any question about the Court's jurisdiction under CAFA, I would next cite to this Court's general jurisdiction to review remand orders and to determine whether this Court has jurisdiction to determine whether the trial court had the authority to do what it did. There's a long line of cases in the Ninth Circuit for that proposition, the most recent of which was the Lively v. Wildo's Market, which this Court said they could always look at a remand order. That was not under CAFA, but it could look at a remand order to see if the Court acted beyond its authority. In that case, this Court decided that the district court did act beyond its authority and therefore reversed the remand order, the same conclusion that is warranted here. If there are no questions about the jurisdictional issue, I will move on to whether the trial court had the authority to issue the order that it did. In fact, the trial court did not have the authority to issue a sua sponte remand order for several reasons. You have a case on point, right? Yes, there is a case on point, Your Honor. Any further discussion? The Ninth Circuit authority directly on point can't do a sua sponte. It's a procedural issue, and there's nothing really further to say about that. That having been said, I must say it was not very clever of you guys to fail to comply with Judge Otero's order. With all due respect, Your Honor, I believe we did comply with Judge Otero's order. He said that he wanted us to plead facts that would show that we had, that our principal place of business was in Atlanta, Georgia, which it is indisputably in Atlanta, Georgia. We went directly to showing why our business operations are centered in Atlanta, Georgia and pled the facts that required that. If there's a doubt as to whether they have met the requirements of industrial tectonics, right? Parties must file a medical complaint or notice of removal if there's any doubt as to whether it complies with industrial tectonics. I think what Judge Otero wants you to do is to explain why the nerve center test applied. Well, with all due respect, Your Honor, that should be something that a party would raise with us. The reason the party didn't raise that here is there's Rule 11. I understand. You win on the response point. But as a matter of fact, you can see why he was, he could have done a better job. Well, I always hope I'll do a better job. I don't understand why he would act this rashly to remand a case without giving us an opportunity to address it when we cited him in our motion for reconsideration literally 30 cases where courts in this court of appeals had concluded that the Home Depot's principal place of business was Atlanta, Georgia. No one has ever contested that fact. I thought it was Torrance. Say again? I thought it was Torrance, where my Home Depot is. It seems like the center of the universe. And there are those from Atlanta that would think Atlanta's the center of the universe, I suppose. But if anybody had challenged us on that, we, of course, would have introduced whatever is necessary. I do notice that even our affidavit, the only sworn facts that are in the record, say that not only is our principal place of business, but our corporate headquarters is there. And then by our pleadings... But you only get to that if you show that they don't have business in one particular state that greatly predominates, right? Correct. So you don't get to the nerve center test unless there is a factual showing that, as I guess is the case with Home Depot, that its business is spread out evenly over the country, so there isn't a particular place where its business is concentrated. That is the whole motion. And I guess since you represent Home Depot, you probably know this, or assume this to Well, Your Honor, again, in the Ninth Circuit, you don't have to plead specific facts on diversity. You have to plead, you have to make the showing that, just the allegation that there is diversity. It is then up to an opposing party to come in and make some representation to dispute it. There was nothing in the complaint to dispute where our principal place of business was. We make the allegation that our principal place of business is in testimony to the fact that our principal place of business is in Atlanta, Georgia. We didn't have to go, the way I interpreted Judge Otero's standing order was, if there is a dispute about your principal place of business, be on notice that because of the industrial tectonics case, you will have to address first the center of your organization or your organizational gravamen, if you will, and if you can't establish that, then go to the center. But that presupposes that someone has raised a question about your principal place of business. Here, there was no question raised. Well, the court always has the power to question the jurisdiction, so do we. We could do it this way, too. We have jurisdiction to determine if we have jurisdiction, if it's truly a jurisdictional issue. Your Honor, an excellent point, and that goes back to the wisdom of the Ninth Circuit saying don't raise procedural issues sui sponte. Raise jurisdictional issues. No one at any time, not the plaintiff, not the trial court, not the plaintiffs in this appeal, have said that there's a jurisdictional question about where the Home Depot's principal place of business. All Judge Otero said was, your pleadings are insufficient. You didn't plead sufficient facts. That's a procedural ground. He shouldn't have raised it. Perhaps the plaintiffs could have, but they wouldn't, because there is no dispute on that issue. If I'm not wrong, also, that there is law that says he violated his authority at that point, too, because he should have given you, if he's going to do that in a jurisdictional issue, he should have given you a chance to correct whatever that problem was. I can't put my finger on it. We cite that in our brief, Your Honor. Obviously, we believe that that's fair. But basically, Kelton Arms is your bullet, is your magic bullet, right? That is the case, is what I'm thinking. It was a silver bullet in the last case. A silver bullet. Well, maybe this is a wooden stake in the heart or something. Your Honor, the order should be reversed, and we'll go back and start proceeding with the case in federal court. Thank you very much. Good afternoon. May it please the Court, Peter McNulty and Brett Rosenthal for the plaintiff appellees. Am I correct in the fact that the judge did, as we discussed, say there was insufficient evidence pleading with regard to this principal place of business? It was given no chance to the party to correct or to amend his pleadings, and doesn't that require a reversal here? It does, Your Honor. Perfect. There's no reason to argue. You have the jurisdiction to hear this. Unfortunately, as much as I would prefer this case be litigated in state court because of the benefits that I think the plaintiff would get and the class would get, the sua sponde order, Kelton Arms, silver bullet stake in the heart, or a golden sword, take your choice, but it's A, B, and C, all of the above. So in this case, unfortunately, I respect Judge Otero very much. Unfortunately, I think we have to agree with the appellant that this case does get sent back. God, I wish he'd have sent a letter the other day. I understand, Your Honor. Thank you very much. Thank you. Case disargued. It will be submitted. Court will stand in recess to present.
judges: Reinhardt, Brunetti, Kozinski